**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 27, 2016

LETTER TO COUNSEL

      RE: *Michael Scott O'Connor v. Commissioner, Social Security Administration*;
            Civil No. SAG-15-234

Dear Counsel:

      On January 27, 2015, Plaintiff Michael Scott O'Connor petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 17, 18, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. O'Connor's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. O'Connor protectively filed a claim for Disability Insurance Benefits ("DIB") on October 6, 2013. (Tr. 27; 130-31). He alleged a disability onset date of July 3, 2013. (Tr. 130). His claim was denied initially and on reconsideration. (Tr. 91-93, 101-02). A hearing was held on June 11, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 38-73). Following the hearing, the ALJ determined that Mr. O'Connor was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 27-34). The Appeals Council ("AC") denied Mr. O'Connor's request for review,[1] (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. O'Connor suffered from the severe impairment of melanoma. (Tr. 29). Despite this impairment, the ALJ determined that Mr. O'Connor retained the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b), except can never climb ropes, ladders, and scaffolds; occasionally climb ramps and stairs; and frequently

---

[1] The AC granted Mr. O'Connor an additional 25 days to submit any new and material evidence. (Tr. 7-8). Mr. O'Connor submitted evidence from his treating physician, Dr. Hussain, which was dated after the date of the ALJ's decision. *Id.* The AC reviewed the evidence but found that it was not relevant to a determination of whether Mr. O'Connor was disabled prior to the date of the ALJ's decision. *Id.*

      balance, stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to hazards.

(Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. O'Connor could perform his past relevant work as a vice president of sales, and could also perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 32-34).

      Mr. O'Connor raises three arguments on appeal: (1) that the ALJ erroneously assessed his RFC; (2) that the ALJ erroneously evaluated his subjective complaints; and (3) that the ALJ's decision was not supported by substantial evidence because it did not consider new and material evidence that was presented to the AC. Each argument lacks merit and is addressed below.

      Turning to Mr. O'Connor's first argument, he contends that the ALJ erroneously assessed his RFC. Specifically, Mr. O'Connor asserts that the ALJ failed to consider the side effects of his chemotherapy treatments and erroneously assigned significant weight to the opinion of his treating physician, Dr. Hussain. With respect to the side of effects of chemotherapy, Mr. O'Connor asserts that the ALJ failed to account for symptoms including "fatigue, 60 pound weight loss, lack of energy, lack of stamina, memory loss, confusion, loss of concentration and focus, joint pain, headaches and flu-like symptoms." Pl. Mem. at 6 (citations omitted). However, in reviewing the ALJ's decision, I note that the ALJ cited to these symptoms on several occasions throughout his analysis. For example, the ALJ cited evidence that Mr. O'Connor lost 30 pounds in five weeks after starting interferon treatments in October of 2013, and reports of increased fatigue and headaches in January of 2014. (Tr. 32). Furthermore, the ALJ gave greater weight to the opinion of Dr. Hussain than to State agency consultant, Dr. Serpick, because "the opinion of the treating physician is more persuasive regarding additional exertional limitations due to the claimant's fatigue." *Id.* I also note that many of the non-exertional limitations in the ALJ's RFC assessment account for side effects of Mr. O'Connor's chemotherapy, particularly his allegations of fatigue. *See* (Tr. 30). Importantly, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. O'Connor's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

      Mr. O'Connor also asserts that the ALJ erroneously assigned significant weight to the opinion of his treating physician, Dr. Hussain, who stated that Mr. O'Connor was capable of performing work of a "light or sedentary nature." (Tr. 32). Mr. O'Connor cites Social Security Ruling ("SSR") 96-5p, which states that "[a]djudicators must not assume that a medical source using terms such as 'sedentary' and 'light' is aware of [the Agency's] definitions of these terms." SSR 96-5p further states that "[t]he judgment regarding the extent to which an individual is able to perform exertional ranges of work goes beyond medical judgment regarding what an individual can still do and is a finding that may be dispositive of the issue of disability." Thus,

Mr. O'Connor asserts that the ALJ erred by attributing knowledge of the exertional levels used by the Agency to Dr. Hussain in assigning his opinion "significant weight." Pl. Mem. at 7.

A review of Dr. Hussain's opinion and the ALJ's discussion thereof, demonstrates that Dr. Hussain neither purported nor was attributed to have knowledge of the exact parameters of the Agency's definitions of light or sedentary work. Notably, Dr. Hussain opined that Mr. O'Connor was capable of performing work "of a light or sedentary nature, e.g., light house work, office work." (Tr. 32) (citing Tr. 393). Thus, Dr. Hussain provided examples of the type of work he felt Mr. O'Connor was capable of performing within his own definition of "light or sedentary nature." Dr. Hussain also provided further clarification of Mr. O'Connor's abilities, stating that he was "restricted in physically strenuous activity but ambulatory…." *Id.* In addition, the ALJ gave Dr. Hussain's opinion "significant weight" based on Dr. Hussain's status as "a treating source who is familiar with the claimant's melanoma, his treatment, and the side effects of that treatment." (Tr. 32). The ALJ's analysis of Dr. Hussain's opinion was proper under Social Security regulations,[2] and did not constitute a finding "dispositive of the issue of disability." SSR 96-5p. Thus, I find no error.

Mr. O'Connor next argues that the ALJ erroneously evaluated his subjective complaints. Specifically, he takes issue with each aspect of the ALJ's assessment of his credibility. Mr. O'Connor asserts that the evidence of alcohol and tobacco use cited by the ALJ were "part of a template, simply copied into each succeeding medical record." Pl. Mem. at 10. In addition, Mr. O'Connor contends that it was improper and irrelevant for the ALJ to cite the fact that he left his job prior to his alleged onset date because his company cancelled plans to expand, rather than because of his impairments. *Id.* at 10-11. Likewise, Mr. O'Connor contests the ALJ's assessment of his activities of daily living arguing that the ALJ "has mischaracterized the evidence." *Id.* at 11. Further, he states that the ALJ "has failed to explain how any of the Plaintiff's minimal activities, whether considered singularly or in combination, 'go beyond limitations that would preclude work.'" *Id.* at 12.

With respect to Mr. O'Connor's arguments, I agree that the evidence regarding Mr. O'Connor's alcohol and tobacco use appears to be copied and pasted from one record to another and may not be indicative of continued substance use. However, this alone would not render the ALJ's analysis insufficient. Regarding reference to Mr. O'Connor's work history, Social Security regulations provide that the finder of fact "will consider all of the evidence presented, including information about your prior work record." 20 C.F.R. § 416.929(c)(3). Furthermore, ALJs are specifically instructed that they should consider "prior work record" in their credibility determinations. SSR 96-7p. Thus, I do not find reference to Mr. O'Connor's reason for leaving

---

[2] 20 C.F.R. § 404.1527 outlines the procedure for evaluating opinion evidence. The regulations distinguish between opinions of treating sources and non-treating sources. A treating source opinion may be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case." *Id.* at § (c)(2). If an opinion is not given controlling weight or comes from a non-treating source, the ALJ is to apply to following factors in assigning weight to the opinion: (1) examining relationship; (2) treatment relationship, including length, nature, and extent of the relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. *Id.* at §§ (c)(1)-(c)(6).

*Michael Scott O'Connor v. Commissioner, Social Security Administration*
Civil No. SAG-15-234
January 27, 2016
Page 4

his job improper. Lastly, while the ALJ's discussion of Mr. O'Connor's activities of daily living alone would not provide substantial evidence of his ability to perform work on a sustained basis, the ALJ cited other evidence in support of his findings throughout the decision, which together constitute substantial evidence. Notably, he relied on the opinions of several medical sources, including Mr. O'Connor's treating physician, Dr. Hussain, who opined that he was capable of performing work that is "light or sedentary in nature." (Tr. 32). He also cited evidence including Mr. O'Connor's testimony that he is able to lift 40 pounds, and evidence that his condition began to improve in April of 2014. *Id.* As noted above, my review of the ALJ's decision is confined to whether the ALJ's decision is supported by substantial evidence, and whether the ALJ applied the correct legal standards. *See Richardson*, 402 U.S. at 404. Here, I find that the ALJ has met this standard.

Finally, Mr. O'Connor argues that the ALJ's decision is not supported by substantial evidence since it did not address evidence, which Mr. O'Connor asserts is new and material, that was submitted to the AC. The AC must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* Social Security regulations, however, "[do] not require the [AC] to do anything more than what it did in this case, *i.e.*, consider new and material evidence . . . in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* In the instant case, the AC explicitly considered the additional evidence submitted by Mr. O'Connor and found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2). Thus, the AC fulfilled its duty of considering the evidence submitted by Mr. O'Connor, and I find no error.

For the reasons set forth herein, Mr. O'Connor's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge